UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRY FROST, on behalf of himself and others similarly situated

        Plaintiff,

v.                              Case No: 2:14-cv-83-FtM-29CM

FIFTH THIRD BANK, N.A.,

        Defendant.

**ORDER**

This matter comes before the Court on review of the Complaint (Doc. #1) filed on February 13, 2014.[1] Subject-matter jurisdiction is premised on the presence of diversity of jurisdiction between the parties. (Id., ¶ 3.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

Plaintiff presents class action allegations against defendant for reporting false or inaccurate information to credit reporting

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

agencies. (Doc. #1, ¶¶ 6-14.) There are no factual allegations[2] in the Complaint to support an amount in controversy exceeding $75,000 for the named plaintiff specifically, and no allegations as to whether the amount in controversy exceeds $5,000,000, and if so, what proportion of plaintiffs are citizens of the State of Florida. See 28 U.S.C. § 1332(d)(2), (4). Therefore, the amount in controversy is not adequately pled.

Plaintiff alleges that he is a "resident" of the State of Florida. (Doc. #1, ¶ 1.) "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal

---

[2]Plaintiff seeks damages for "negligent false reporting of credit information". It is unclear whether plaintiff has a common law or statutory basis for the claim.

quotation marks and citations omitted).  As currently pled, plaintiff has failed to properly allege his citizenship.

Plaintiff further alleges that defendant Fifth Third Bank, N.A. is an Ohio Banking Corporation with its principal place of business in Ohio.  (Doc. #1, ¶ 2.)  A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The principal place of business is determined by the "nerve center" test.  Hertz Corp. v. Friend, 559 U.S. 77 (2010).  "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."  28 U.S.C. § 1348.  For diversity jurisdiction purposes, a national bank is a citizen of the State designated in its articles of association as its main office. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318 (2006).  To the extent that defendant may be a national banking association, its citizenship is not properly stated.  Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

3

The Complaint (Doc. #1) is dismissed for lack of subject-matter jurisdiction without prejudice to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of February, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

4